840 A.2d 925

MOMUDO F. ROGERS AND JOSEPHINE ROGERS–MOORE, PLAIN-TIFFS–RESPONDENTS, v. JULIAN M. CARCHESIO, JULIAN KATERA DESIGNS, INC., DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued December 3, 2003—Decided January 29, 2004.

Before Judges CONLEY, WECKER [1] and WEISSBARD.

*Patricia B. Adams* argued the cause for appellants (*Campbell, Foley, Lee, Murphy & Cernigliaro,* attorneys; *Ms. Adams* on the brief).

*Michael S. Simon* argued the cause for respondents (*Simon, Monahan & Simon,* attorneys; *Mr. Simon* on the brief).

The opinion of the court was delivered by

WEISSBARD, J.A.D.

Defendants, Julian M. Carchesio and Julian Katera Designs, Inc. (Katera), appeal from a judgment in the amount of $6400 in favor of plaintiffs, Momudo F. Rogers and Josephine Rogers–Moore. The judgment represented the amount of property damage sustained by the Rogers vehicle in an accident on December 14, 2001. We reverse and order entry of a judgment for defendants.

The relevant facts are quite simple. On December 14, 2001, plaintiff Momudo F. Rogers was operating a vehicle involved in a collision with a vehicle owned by Katera and being driven by Carchesio. There is some question as to who owned the Rogers vehicle. In their complaint, plaintiffs alleged joint ownership but in his deposition Momudo Rogers testified the vehicle belonged to him. Since the issue before us does not turn on who owned the car, we will simply refer to it as the Rogers vehicle and our references to Rogers or plaintiff will be to Momudo Rogers.

---

[1] Judge Wecker did not participate in oral argument. However, the parties consented to her participation in the decision.

As a result of the collision, plaintiff suffered a "little bruise" on his face and a slight bloody nose. Over his protest, plaintiff was taken by ambulance to the hospital for emergency room evaluation. An x-ray was taken, which was negative, and some medication applied to his face which was bleeding. He received no further treatment at any time.

At the time of the accident, plaintiff did not have insurance in effect, his coverage having expired. As a result, after plaintiff filed suit seeking recovery for the property damage to his car, defendants moved for summary judgment based upon *N.J.S.A.* 39:6A–4.5 which provides:

a. Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by section 4 of P.L.1972, c. 70 (C:39:6A–4), section 4 of P.L.1998, c 21 (C:39:6A–3.1) ... shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.

In *Mody v. Brooks*, 339 *N.J.Super.* 392, 393, 772 *A.*2d 21 (App.Div.2001), the plaintiff also sought recovery only for property damage, sustained in a collision on January 3, 1999. We noted that the record contained nothing to indicate that plaintiff sustained any bodily injuries. *Id.* at 393, 394, 402, 772 *A.*2d 21. As here, the plaintiff in *Mody* was also uninsured. *Id.* at 394, 772 *A.*2d 21. We held that *N.J.S.A.* 39:6A–4.5a "bars recovery only for economic and noneconomic losses resulting from bodily injury." *Ibid.* Thus, Mody's claim for property damage was not barred by the statute. *Id.* at 395, 772 *A.*2d 21. We found "the preclusive language of the statute [to be] plain. Only if there is an accident 'resulting in injuries to that person,' is the uninsured party barred from suit." *Id.* at 394, 772 *A.*2d 21. We came to that conclusion because the statute did not use "the general, all-encompassing term 'damages'," *id.* at 394–95, 772 *A.*2d 21, which would include property damage as well as the damages which flow directly from an injury to the person. *Id.* at 395, 772 *A.*2d 21.

Not surprisingly, plaintiff relies upon *Mody* to support the judgment in this case, while defendants argue that *Mody* is

distinguishable. We agree with defendants. *Mody* was decided under the version of the no-fault law as it existed in 1999. The present version of the no-fault law, the Automobile Insurance Cost Reduction Act of 1998 (AICRA), became effective in March 1999, after the *Mody* accident. As a part of AICRA, the legislature enacted *N.J.S.A.* 39:6A–2k, which defined "economic loss" to mean "uncompensated loss of income *or property*, or other uncompensated expenses, including, but not limited to, medical expenses." (emphasis added). That definition, which we consider dispositive of plaintiff's claim, was not applicable in *Mody*. *Id.* at 401–02, 772 *A.2d* 21.

Nevertheless, plaintiff argues from *Mody*, that for a claim to be barred, any damage, apparently including property damage, must follow from an accident which resulted "in injuries to that person." Since Rogers made no claim based upon injury to his person and, in fact, suffered only very slight injuries, plaintiff argues that his property damage claim remains viable. The motion judge accepted that view, finding the injuries to be "minimal." Looking for guidance to the definition of medical expenses in *N.J.S.A.* 39:6A–2e, which speaks of "necessary" expenses, the judge concluded that defendants did not establish that plaintiff's injuries met "the standards precluding recovery that the legislature contemplated," presumably because no treatment was actually required.

As we said in *Mody*, "our 'first obligation is to consider the statute's plain meaning'." *Id.* at 395, 772 *A.2d* 21 (quoting *State v. Marchiani*, 336 *N.J.Super.* 541, 546, 765 *A.2d* 765 (App.Div.), *certif. denied*, 168 *N.J.* 292, 773 *A.2d* 1156 (2001)). We see no basis in the statute for distinguishing between degrees of bodily injury. Here, there is no doubt that plaintiff sustained bodily injury, which resulted in medical expense for ambulance transportation and emergency room evaluation. Certainly, the fact that he did not make a claim for any bodily injury is of no moment since, being uninsured he was barred from asserting any such claim.[2]

---

[2] We do not consider the brief reference to *Mody* in *Caviglia v. Royal Tours of America*, 355 *N.J.Super.* 1, 13, 809 *A.2d* 146 (App.Div.2002), *leave to appeal*

Thus, there was an accident "resulting in injuries," plaintiff was uninsured, and economic loss is defined to include property damage. The result is that plaintiff's claim is barred and defendant's motion for summary judgment should have been granted.

Reversed and remanded for entry of judgment in favor of defendants.

*granted*, 175 *N.J.* 544, 816 *A.*2d 1046 (2003), as constituting a determination that the result in *Mody* survives AICRA. Of course, if *Caviglia* survives Supreme Court review, *N.J.S.A.* 39:6A–4.5a is unconstitutional.